945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Neal A. MAREK, Plaintiff-Appellant,
v.
Carl B. SMITH, Frank Davis, Robert Gryzwacz, John Burgess,
Helen Riley, Thomas Hardy, individually and as members of
the Nevada State Board of Podiatry, Ruth Day, as member of
the Nevada State Board of Podiatry, the State of Nevada,
Does I-X, Defendants-Appellees.
 No. 91-15117.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 20, 1991.*
Decided Sept. 25, 1991.
 
 Before PREGERSON, BRUNETTI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Neal A. Marek appeals the district court's order dismissing his 42 U.S.C. section 1983 action against the defendants, members of the Nevada State Board of Podiatry. We interpret the district court's order of dismissal as a grant of summary judgment which is reviewable de novo.[1] Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment bears the initial responsibility for informing the district court of the basis for its motion. Celotex v. Catrett, 477 U.S. 317, 323 (1986). The moving party's burden may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.
 
 
 5
 The nonmoving party "may not rest on the mere allegations or denials of [his] pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). "[He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations and citations omitted).
 
 
 6
 Marek filed a section 1983 action alleging that the defendants, by refusing to renew his podiatry license, denied his right to practice. In his complaint, Marek alleges that the defendants' motive in refusing to renew his license was to eliminate competition among podiatrists in the geographic area in which Marek practiced.
 
 
 7
 The defendants filed a motion to dismiss Marek's action pursuant to 12(c), 56(b), and 56(c) in which they asserted that Marek was not deprived of his right to practice because under Nev.Rev.Stat. 233B.127(2), Marek's existing license remained in full force and effect. The statute allows for the continued practice under an expired license if a licensing board fails to act upon a renewal application before the expiration of the license.[2] See Nev.Rev.Stat. 233B.127(2). Thus, the defendants argue that Marek was not harmed because his license was not effectively revoked during the pendency of his annual applications for the renewal of his license. Marek does not refute the applicability of the statute.
 
 
 8
 In his opposition to the motion to dismiss, Marek argues that the defendants should be estopped from relying on the statute to shield them from section 1983 liability because the defendants led him to believe that he would be in violation of the law if he practiced before his license was renewed. In an attached affidavit, Marek states that conversations with the defendants were "based on the premise" that Marek would not be able to practice until his license was renewed, and that the defendants "never indicated that [he] would be able to continue to practice absent such formal renewal...."
 
 
 9
 Both the defendants and Marek assert that they were unaware of the applicability of the Nevada statute during the period in question. In his brief on appeal, Marek concedes that both parties were operating under a mutual misapprehension of the law.
 
 
 10
 Mere negligence or lack of due care does not constitute a deprivation of a constitutional right, and therefore, it is not actionable under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). As an essential element of its claim, the party seeking to invoke estoppel against the government, must show that the defendants actions amounted to "affirmative conduct going beyond mere negligence." S & M Inv. v. Tahoe Regional Planning Agency, 911 F.2d 324, 329 n. 4 (9th Cir.1990) (citations omitted), cert. denied, 111 S.Ct. 963 (1991).
 
 
 11
 Marek's statements in his affidavits do not show that the defendants' conduct in misapprehending the law was more than mere negligence. As a result, Marek's claim is not actionable under section 1983. See Daniels, 474 U.S. at, 330-31 (1986). Further, the district court properly concluded that Marek could not invoke estoppel against the defendants because he failed to carry his burden of showing that their conduct amounted to "affirmative conduct going beyond mere negligence." See S & M Inv., 911 F.2d at 329 n. 4.
 
 
 12
 Finally, Marek's conclusory allegation in his complaint that the defendants sought to eliminate competition among podiatrists by failing to renew his license cannot be considered in support of his contention that there is a material issue of fact in dispute. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any kind of evidentiary materials except for the mere pleadings themselves). Accordingly, the district court properly granted summary judgment in favor of the defendants.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34 4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 The defendants filed two motions in the district court. One motion was brought under Fed.R.Civ.P. 12(c)(1), and sought dismissal on the grounds that the defendants had not waived their eleventh amendment immunity. The other motion was brought under Rules 12(c), 56(b) and 56(c) on the grounds that Marek had not demonstrated harm to support his claims. The district court granted both motions in its order of dismissal and did not specify the grounds for the dismissal
 Because the district court did not exclude matters outside of the pleadings presented by the parties, the defendants' motions should be treated as motions for summary judgment. See Fed.R.Civ.P. 12(c). Accordingly, we treat the order of dismissal as a grant of summary judgment in favor of the defendants. See id.
 
 
 [2]
 Nev.Rev.Stat. 233B.127(2) provides: "When a licensee has made timely and sufficient application for the renewal of a license ... the existing license does not expire until the application has been finally determined by the agency."